# CURTIS K. WALKER

| Attorneys | Walker & Walker Law Offices, PLLC | Paralegals |
|---|---|---|
| Curtis K. Walker | 4356 Nicollet Avenue South | Darcee McKinnon |
| Andrew C. Walker | Minneapolis, Minnesota 55409-2033 | Meara White |
| Bennett Hartz | Phone: (612) 824-4357 | Tracy Madson |
| Alyssa F. George | Fax: (612) 824-8005 | Jennifer Nelson |
| Anastasia Kazmina | www.bankruptcytruth.com | Jennifer Johnson |
| | | Amber Harkins |

March 31, 2017

Synchrony Bank, N.A.
170 West Election Road, Suite 125
Draper, UT 84020

Re:   Summons & Complaint
      *Theresa Blesi v. Synchrony Bank, N.A.*

To whom it concerns,

Please find attached and served upon you Plaintiff Theresa Blesi's Summons & Complaint for her action against Synchrony Bank, N.A. for violations of the Telephone Consumer Protection Act. If you have any questions, please do not hesitate to call me at (612) 824-4357.

Sincerely,

*/s/ Bennett Hartz*

Enclosures



RECEIVED APR 03 2017

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                                  SECOND JUDICIAL DISTRICT

Theresa Blesi,

    Plaintiff,

v.

Synchrony Bank, N.A.,

    Defendant.

| SUMMONS |
|---|
| Court File No. _____ |

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    WALKER & WALKER LAW OFFICES, PLLC
    ATTN: Bennett Hartz
    4356 Nicollet Avenue South
    Minneapolis, MN 55409

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: <u>March 31, 2017</u>   <u>/s/ Bennett Hartz</u>
Andrew C. Walker #392525
Bennett Hartz #393136
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357
***Attorneys for Consumer***

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF RAMSEY           SECOND JUDICIAL DISTRICT

Theresa Blesi,

    Plaintiff,

v.

Synchrony Bank, N.A.,

    Defendant.

**COMPLAINT**

Court File No. _____

1. Plaintiff Theresa Blesi ("Consumer") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by Synchrony Bank, N.A. ("Synchrony").

**VENUE, PARTIES, AND JURY TRIAL**

2. Consumer demands a jury trial to the extent available under US Const. Amend. 7.

3. Venue is proper because Synchrony regularly conducts business in Ramsey County, and because the claims at issue in this case occurred in and harmed a person living there.

4. Consumer is a natural person residing in Ramsey County.

5. Synchrony is a national association that regularly conducts business in Minnesota and Ramsey County specifically.

**FACTS**

6. Synchrony is attempting to collect a debt from Consumer.

7. In an attempt to collect this debt, Synchrony routinely calls Consumer on her cellular telephone.

8. Synchrony places these calls to Consumer using an automated telephone dialing system, an artificial voice, or both—commonly called an "autodialer."

9. When answering these autodialed calls, Consumer immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates Synchrony's autodialer calling Consumer, and then connecting to a live operator at Synchrony within a few seconds of answering.

10. These factors, paired with the frequency of the calls, strongly suggest that Synchrony was calling Consumer's cell phone using an automated telephone dialing system.

11. Synchrony did not have Consumer's consent to use these electronic means to call her cell phone.

12. Consumer also explicitly revoked any consent to be called on her cell phone during a phone call with Synchrony on or about February 24, 2017.

13. Despite this explicit revocation, Synchrony continued to autodial Consumer's cell phone.

14. Following her revocation, Synchrony placed autodialed collection calls to Consumer on at least (but not limited to) 29 subsequent occasions.

15. Synchrony disregarded her revocation of consent and willfully continued to contact Consumer with impunity using a prohibited automated telephone dialing system.

## COUNT I: TELEPHONE CONSUMER PROTECTION ACT

16. Consumer incorporates all other allegations as if set forth herein in full.

17. The TCPA bans using auto-dialers or artificial voices to call cell phones absent the consumer's consent:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1).

18. Synchrony violated 47 U.S.C. § 227(b)(1) by knowingly calling Consumer on her cell phone using an automatic dialing system and/or an artificial, pre-recorded voice without Consumer's consent.

19. Synchrony also ignored Consumer's explicit revocation of consent.

20. Synchrony thus willfully and knowingly violated § 227(b)(1).

21. Consumer was stressed and harassed by the frequency of Synchrony's calls to her cell phone, and by her inability to stop these calls, as is her right by statute.

22. The TCPA provides the following remedy for its violation:

> "A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

23. Consumer is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Synchrony's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## RELIEF REQUESTED

Consumer requests an Order for the following relief:

1. Judgment in favor of Theresa Blesi and against Synchrony Bank, N.A. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. All other relief the Court deems just and equitable.

Date: March 31, 2017                    /s/ Bennett Hartz
                                        Andrew C. Walker #392525
                                        Bennett Hartz #393136
                                        Walker & Walker Law Offices, PLLC
                                        4356 Nicollet Avenue South
                                        Minneapolis, MN 55409
                                        (612) 824-4357
                                        *Attorneys for Consumer*


Acknowledgement

Plaintiff, by counsel, acknowledges that Minn. Stat. § 549.211 sanctions can be imposed.

Date: March 31, 2017                    /s/ Bennett Hartz
                                        Bennett Hartz #393136